Sucn. Pedro Giusti, Inc., demandante y apelada, *v.* Manuel V. Domenech, en su carácter de Tesorero de P. R., demandado y apelante.

Núm. 8031.—*Sometido:* Abril 26, 1940. *Resuelto:* Mayo 24, 1940.

Hon. *Procurador General George A. Malcolm* (*B. Fernández García, Ex-Procurador General,* en el alegato) y *M. Rodríguez Ramos,* abogados del apelante; *Mariano Acosta Velarde,* abogado de la apelada.

El Juez Asociado Señor de Jesús emitió la opinión del tribunal.

Las planillas de contribuciones sobre ingresos que para el año natural que expiró el 31 de diciembre de 1929 presentó la demandante, demostraron un ingreso neto de $2,487.60. Practicada la correspondiente investigación, el 23 de mayo de 1931 el Tesorero notificó a la contribuyente ciertas deficiencias que elevaban el ingreso neto sujeto a contribución a la cantidad de $11,029.30. No conforme la contribuyente, recurrió en alzada para ante la Junta de Revisión e Igualamiento, y confirmada que fué la resolución del Tesorero, pagó la contribución bajo protesta e interpuso este pleito para recobrar la cantidad que en exceso de la pagada de conformidad con sus planillas le había cobrado el demandado, alegando la contribuyente que la actuación del demandado al eliminar de sus deducciones ciertas partidas y reducir otras, era arbitraria e ilegal, y que por consiguiente la cantidad adicional cobrádale como resultado del aumento del

ingreso neto había sido ilegalmente cobrada, por lo que procedía su devolución a la demandante.

La corte inferior sostuvo la resolución del Tesorero confirmada por la Junta de Revisión e Igualamiento, con la sola excepción de la cantidad de $3,300 que había sido deducida de otra mayor que alegaba la demandante había pagado en concepto de salarios a sus directores María G. de Giusti y Odette Giusti suma que dispuso la corte fuese deducida del ingreso neto, hecho lo cual debería liquidarse de nuevo la contribución y devolverse a la demandante la cantidad correspondiente. No apeló la demandante, pero habiendo interpuesto este recurso el demandado, la única cuestión a resolver ahora es si la demandante apelada tiene derecho a deducir de su ingreso bruto la cantidad de $3,300.

En su contestación alegó el demandado que había hecho dicha rebaja por estimar que la suma reclamada por concepto de sueldo de sus oficiales era arbitraria, ilegal y excesiva. El demandado asume la posición de que la demandante es una corporación de familia *(a family corporation)*, y que las cantidades así pagadas, aunque aparentemente en concepto de sueldos, en realidad fué una distribución de dividendos.

Parece haber impresionado fuertemente a la corte *a quo* la evidencia que con la tenaz oposición del demandado presentó la demandante al efecto de que en las planillas individuales de María y Odette Giusti, ellas habían declarado como ingresos los sueldos de $6,000 y $1,200 anuales recibidos de la demandante en el año 1929, y que dichas sumas fueron aceptadas y sobre ellas cobrada contribución por el Tesorero.

Resolviendo esta cuestión, dijo la corte sentenciadora:

"Estimo que la cantidad de $1,200 y de $6,000 para doña Odette Giusti y doña María G. de Giusti, respectivamente, no son irrazonablemente exageradas. De acuerdo con esto ha debido concederse un crédito por sueldos ascendentes a $3,300 en la planilla de ingresos de la demandante." (L. de S., pág. 19.)

Más adelante repitió la misma corte en el curso de su opinión:

"El hecho de que el demandante sea un familiar de la corporación (*sic*), como alega el demandado en su alegato, no quiere decir que sus directores y empleados no tengan derecho a un sueldo o compensación razonable si realmente prestan servicios personales a la corporación. No hay prueba alguna de que estas personas no presten servicios a la corporación. Por el contrario, el Sr. Giusti declaró en cuanto a los servicios que rinde (él). *Debió el Tesorero haber traído prueba que sustuviera sus contenciones.*" (Paréntesis y bastardillas nuestros.)

Conviene consignar aquí que del récord no aparece la más insignificante evidencia tendente a demostrar qué clase de trabajo hacían, si es que alguno hacían para la corporación, la Sra. y la Srta. Giusti. A pesar de esa absoluta ausencia de prueba, la corte sentenciadora llegó a la conclusión que aparece en el párrafo transcrito.

██ La cuestión suscitada en este recurso no es nueva en esta jurisdicción. Fué levantada de la misma manera en el caso de *Sobrino de Izquierdo Inc.* v. *Sancho Bonet, Tesorero,* ante, pág. 182. Se dijo entonces por este tribunal:

" 'El hecho de que el Sr. Trigo declarase en sus planillas individuales las mismas cantidades que declaró la demandante haberle pagado, y el hecho de que el demandado recibiese del Sr. Trigo la contribución correspondiente a dichas cantidades, no impide al Tesorero rechazar en todo o en parte dichas sumas como deducibles del ingreso bruto de la demandante. Esas circunstancias sólo indican que en verdad la demandante pagó al Sr. Trigo las cantidades en cuestión, *Austin* v. *United States,* 28 F. (2d) 677, de lo cual no abrigamos duda alguna, especialmente teniendo en cuenta que dado el interés que tiene el Sr. Trigo en la corporación demandante, bien podría decir parafraseando a Luis XIV, "la corporación soy yo."

" 'Pero no es ésa la cuestión a resolver, pues aunque se presumen válidos los contratos *infra vires* celebrados por una Junta de Directores, sin embargo, en lo que a salario respecta, su fijación no es concluyente en cuanto al Gobierno, teniendo éste el derecho que le concede la ley de investigar y determinar si lo que se dice pagado por concepto de salario lo es en realidad, o si por el contrario bajo ese

disfraz se distribuyen beneficios. *H. L. Trimyer & Co.* v. *Noel,* 28 F. (2d) 781. No puede el Gobierno al determinar la contribución sobre ingresos de una corporación, bajo una ley que como la nuestra permite la deducción de salarios necesarios realmente pagados, investigar y determinar si los salarios pagados a los oficiales de la corporación están en relación con los servicios realmente prestados; pero sí puede el Gobierno atacar el pago bajo la teoría de que no es pago de salario, sino distribución de dividendos. *United States* v. *Philadelphia Knitting Mills,* 15 A.L.R. 1303.

" 'Sentados estos principios, y sin perder de vista que la corporación demandante tiene el peso de la prueba para demostrar que las cantidades que alega haber pagado como salarios formaban parte de sus gastos ordinarios y necesarios para el mantenimiento y operación del negocio, *Botany Worsted Mills* v. *United States* (278 U. S. 282), 73 L. ed. 282, procederemos a determinar si la evidencia de la demandante demuestra que las cantidades pagadas al Sr. Trigo y rechazadas por la Junta de Revisión e Igualamiento no fueron distribución de beneficios y sí pago de salarios por servicios necesarios realmente prestados por el Sr. Trigo.' "

De acuerdo con la doctrina establecida en el caso citado, incumbía a la demandante y no al demandado probar que la partida deducida de los salarios formaba parte de sus gastos ordinarios y necesarios para el mantenimiento y operación de su negocio, no siendo necesario, como equivocadamente creyó la corte sentenciadora, que el Tesorero tuviese que traer prueba para sostener sus contenciones. Pero la apelada arguye que como la corte sentenciadora declaró probado que los sueldos en cuestión no eran "irrazonablemente exagerados", este tribunal tiene que aceptar esa conclusión como un hecho cierto a los efectos de este recurso. Si con esa conclusión significó la corte que el pago de dichos salarios, en lo que a la parte rechazada respecta, no equivale a una distribución de dividendos, ¿qué evidencia tuvo ante sí que justificara tal conclusión?

■ Para que un tribunal de apelación esté obligado por la apreciación que de la prueba hiciere la corte sentenciadora, se requiere por lo menos que dicha corte haya tenido ante sí alguna evidencia que apreciar, pero cuando, como en

el presente caso, la ausencia de prueba sobre el particular es absoluta, la conclusión a que pueda llegar la corte inferior considerando probado un hecho, carece de base y cae por su peso, y siendo ello así, el llegar a tal conclusión constituye error manifiesto, no pudiendo ser aceptada por el tribunal de apelación.

Como incumbía a la demandante probar que las cantidades que rechazó el demandado de la partida de sueldos fueron pagadas como compensación razonable por servicios realmente prestados a la demandante, y en consecuencia que no era una distribución de dividendos, no habiéndolo probado, *procede declarar con lugar el recurso, revocar la sentencia apelada y en su lugar dictar otra desestimando la demanda, con costas a la demandante.*

El Juez Asociado Sr. Wolf está conforme con el resultado.*